### N. MYSENBURG v. T. A. LEISURE.

FILED DECEMBER 18, 1901.   No. 10,301.

Summons: SERVICE: PRIVATE PERSON: SHERIFF DEFENDANT. A justice
of the peace, in a proper case, may lawfully deputize a private
person to serve a summons in replevin issued out of his court,
though the defendant in the action may be a sheriff.

ERROR from the district court for Custer county.
Tried below before SULLIVAN, J. Reversed.

J. B. Smith, for plaintiff in error.

Alpha Morgan and Talbot & Allen, contra.

NORVAL, C. J.

This was an action of replevin, brought before a justice
of the peace, who indorsed upon the replevin writ the
following: "I hereby appoint J. D. Troyer, to act as spec-
ial constable to serve the within summons. William H.
Hill, Justice of the Peace." The process was served by
the person so deputed by the justice, and, the property
having been appraised at $1,767.36, the cause was certified

to the district court, where, on motion of the defendant, the action was dismissed because the summons in replevin was not directed to a person or officer having authority to serve the same, and that the appointment of the special constable was without authority of law; whereupon the court rendered judgment against the plaintiff for a return of the property taken under the writ, or for its value, assessed at $1,980. Plaintiff prosecutes error.

The sole question presented by this record is whether a justice of the peace has the power to depute a person to serve a summons in replevin issued out of his court. The authority to do so is conferred by section 1094 of the Code of Civil Procedure. It declares that: "A justice, at the request of a party, and on being satisfied that it is expedient, may specially depute any discreet person of suitable age, and not interested in the action, to serve a summons or execution with or without an order to arrest the defendant or to attach property. Such deputation must be in writing on the process." By this section the legislature has empowered justices of the peace to depute private persons to serve a summons. The writ in this case was a summons issued in pursuance of section 1035 of the Code of Civil Procedure, commanding the person to whom it was directed to immediately seize and take into his custody the goods and chattels described in the replevin affidavit. There is no escaping the conclusion that a justice of the peace may lawfully deputize a private person to serve a summons in replevin. But it is urged that the defendant is the sheriff of the county, and the coroner alone could serve process upon him. Section 881 of said Code is sufficient answer to this contention. It provides that: "An order for a provisional remedy or any other process, in an action wherein the sheriff is a party, or is interested, shall be directed to the coroner. If both these officers are interested, the process shall be directed to and executed by a person appointed by the court or judge." The next succeeding section declares that: "The court or judge, for good cause, may appoint a person to serve a particular

process or order, who shall have the same power to execute it which the sheriff has. The person may be appointed on the motion of the party obtaining the process or order, and the return must be verified by affidavit." By these provisions ample authority is conferred upon a court to appoint a person to serve a process issued out of such court. In absence of a contrary showing, it must be presumed that Troyer was lawfully appointed to serve the writ in question.

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.